```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

TEXANS AGAINST GOVERNMENTAL       §
WASTE AND UNCONSTITUTIONAL        §
GOVERNMENTAL CONDUCT, ET AL.      §
                                  §
VS.                               §       CIVIL NO. 4:08-CV-744-Y
                                  §
UNITED STATES DEPARTMENT OF       §
THE TREASURY, ET AL.              §
```

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Pending before the Court is the Motion for Temporary Restraining Order (doc. #10) filed by plaintiffs, Texans Against Governmental Waste and Unconstitutional Government Conduct and Matthew Kelly. Because Plaintiffs have again failed to fulfill the requirements of Federal Rule of Civil Procedure 65(b) and have not convinced the Court of their standing to pursue this case, the Court will deny their motion for temporary restraining order.

I.  Background

On December 16, 2008, Plaintiffs filed their original complaint. Therein, Plaintiffs aver that any distribution of funds to U.S. automakers from the Troubled Asset Relief Program ("TARP") established by the Emergency Economic Stabilization Act of 2008, 12 U.S.C. 5201, et seq., is unconstitutional. In support, Plaintiffs posit that the legislature has approved the distribution of TARP funds only to "financial institutions" as defined in the act, 12 U.S.C. § 5202(5), and that members of the U.S. auto industry do not

fit this definition. Plaintiffs contend that despite this limitation on the use of TARP funds, members of the executive branch, including former President George W. Bush and the secretary of the Department of the Treasury, have approved the distribution of such funds to U.S. automakers and that such action by executive branch officials is unconstitutional.

Based on these allegations, Plaintiffs filed a motion for an ex parte temporary restraining order. The Court denied the motion, noting that the Emergency Economic Stabilization Act requires that a motion for injunctive relief be ruled upon with three days of filing. *See* 12 U.S.C. § 5229(2)(B). Because Plaintiffs failed to bring this limitation to the Court's attention in their motion, the Court did not rule on the motion in the required time. The Court further concluded that Plaintiffs failed to fulfill the requirements imposed by Federal Rule of Civil Procedure 65(b) in seeking ex parte injunctive relief.

Now before the Court is Plaintiffs' motion for temporary restraining order. Plaintiffs argue that they no longer seek ex parte relief and, therefore, the current motion is not defective for "technical reasons" under Rule 65(b). Plaintiffs also request that the Court address their motion within the three-day period imposed by § 5229.

II. Discussion

A. Rule 65(b) and Ex Parte Status

Plaintiffs argue that because they no longer claim ex parte status their motion cannot be denied for technical reasons under Rule 65(b). But "ex parte" is not a status to be claimed; it is a characterization of an action. "A judicial proceeding . . . is said to be ex parte when it is taken or granted at the instance and for the benefit of one party only, and without notice to, or contestation by, any person adversely interested." BLACK'S LAW DICTIONARY 576 (6th ed. 1990). In their current motion, Plaintiffs once again seek injunctive relief without prior notice to the government officials and agencies to be enjoined.

And as explained in the order denying Plaintiffs' prior motion for a temporary restraining order, Federal Rule of Civil Procedure 65(b) authorizes a court to issue a temporary restraining order without notice to the adverse party only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b). Although Plaintiffs have submitted both a complaint and a second motion seeking injunctive relief, neither are verified. Neither has the Court received an affidavit establishing immediate irreparable injury. Nor have Plaintiffs certified or addressed why notice to

the adverse parties should not be required.  Thus, Plaintiffs' attempt at securing a temporary restraining order must once again be denied for failure to comply with Rule 65.

B.  Jurisdiction and Standing

A district court has no authority to grant injunctive relief until jurisdiction over the case and the parties is established. *See Enterp. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana District*, 762 F.2d 464, 470-71 (5th Cir. 1985).  "Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984).  And of all the doctrines that have been developed to give effect to this limitation, standing has been characterized as "perhaps the most important."  *Id.*  Standing encompasses both prudential and constitutionally mandated considerations.  From a constitutional standpoint, the injury alleged must be "distinct and palpable" rather than "abstract," "conjectural," or "hypothetical." *See id*. at 751.  The injury must also be "fairly" traceable to the challenged action and relief must be likely from a favorable decision.  *See id.*  And from a prudential standpoint, the "[s]tanding doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction" including a prohibition on the "adjudication of generalized grievances more appropriately addressed in the representative branches."  *Id.*

4

With these basic principles in mind, the Court notes that Plaintiffs have not established the Court's jurisdiction over this case.  Plaintiffs complain that TARP funds, which are taxpayer money, have been distributed to U.S. automobile manufacturers contrary to the terms of the TARP, which speaks of distributions to "financial institutions."  See 12 U.S.C. § 5202(5).  Thus, Plaintiffs, as taxpayers, challenge the distribution of taxpayer funds.  But a taxpayer is generally without standing to advance a complaint predicated on a generalized grievance regarding the federal government's expenditure of taxpayer funds. *See Frothingham v. Mellon*, 262 U.S. 447, 487-88 (1923).  To have standing to challenge the government's spending of taxpayer funds, the taxpayer must establish a nexus or "logical link" between his status as a taxpayer and the enactment challenged. *Flast v. Cohen*, 392 U.S. 83, 102 (1968).  The taxpayer must also demonstrate a nexus exists between his status as a taxpayer and "the precise nature of the constitutional infringement alleged" in "that the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of the spending power."  *Id.* at 102-03.

Moreover, Plaintiffs' complaint seems to be not that expenditures under the TARP are unconstitutional generally, but that the executive has disbursed funds in a manner that is contrary to the terms of the TARP. That is, Plaintiffs challenge actions by the executive branch rather than a legislative enactment.  According to

Plaintiffs, the decision of what institutions are to receive funds under the TARP is an essentially legislative function and the executive has transgressed its authority in acting contrary to the terms of the TARP.  But "a taxpayer may not employ a federal court as a forum in which to air his generalized grievances about the conduct of government or the allocation of power in the Federal System."  *United States v. Richardson*, 418 U.S. 166, 174 (1974). And a taxpayer generally lacks standing to contest the executive's expenditure of a lawfully collected tax.  *See Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 127 S. Ct. 2553, 2563, 2570 (2007); *see also Valley Forge* (concluding taxpayer was without standing to challenge a decision by the Department of Education that was "arguably authorized" by an act of Congress).  Because of the serious separation-of-powers concerns created by calling upon a federal court to review the executive branch's expenditure of taxpayer funds, *see Hein*, 127 S. Ct. at 2569-70, Plaintiffs will have to go much further in convincing the Court of its jurisdiction and the propriety of the issues raised by their complaint for judicial resolution before any relief, let alone ex parte injunctive relief, will issue in this case.

In light of Plaintiffs' apparent lack of standing in this case, the Court hereby ORDERS that Plaintiffs respond and show cause no later than April 27, 2009, as to why this case should not be dismissed for lack of jurisdiction.  Plaintiffs' response should be

in the form of a brief addressing their standing to pursue the claims raised in their complaint. This brief is to be no longer than twenty pages, double spaced, in 12-point font, and otherwise in compliance with the local rules of civil procedure. Should Plaintiffs fail to timely submit a response, this case will be dismissed without prejudice and without further notice.

SIGNED April 2, 2009.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE